UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSEPH ANTHONY SUTTON,

               Petitioner,

                                       CASE NO. 13-14789

v.                                HONORABLE SEAN F. COX

KENNETH ROMANOWSKI,

               Respondent.

_____/

## OPINION AND ORDER
## DENYING RESPONDENT'S MOTION TO DISMISS THE PETITION (Dkt. #11), DENYING PETITIONER'S MOTION TO CORRECT MISINFORMATION (Dkt. #13), GRANTING PETITIONER'S MOTION TO HOLD HIS HABEAS PETITION IN ABEYANCE (Dkt. #15), AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES

This is a habeas corpus action under 28 U.S.C. § 2254. Petitioner Joseph

Anthony Sutton challenges his Wayne County, Michigan convictions for first-degree

murder and two firearm offenses.[1] Currently pending before the Court are: (1)

respondent Kenneth Romanowski's motion to dismiss the habeas petition; (2)

Petitioner's motion to correct alleged misinformation in Respondent's motion; and (3)

Petitioner's recent motion to have his habeas petition held in abeyance while he

---

[1] Attachments to the petition include documents from a state-court case in which Petitioner was convicted of second-degree murder. But because the first page of the habeas petition and the supporting brief cite the state-court case numbers for the first-degree murder case, the Court believes that Petitioner is challenging only his first-degree murder conviction. To the extent Petitioner is attempting to challenge a conviction for an unrelated second-degree murder, he must file a separate petition. *See* Rule 2(e) of the Rules Governing Section 2254 Petitions in the United States District Courts (stating that "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court").

exhausts state remedies.  The Court finds that Petitioner did not exhaust state remedies for all his claims.  Consequently, the Court will grant Petitioner's motion to hold his habeas petition in abeyance and will deny Respondent's motion to dismiss the petition. The Court also denies Petitioner's motion to correct alleged misinformation in Respondent's motion.

## I. Background

### A. The State-Court Proceedings

The charges against Petitioner arose from the fatal shooting of a female employee of a check-cashing store in Detroit on February 22, 1996.  Petitioner was not charged with the crime until 2010.  Following a jury trial in Wayne County Circuit Court, he was found guilty, as charged, of first-degree felony murder, Mich. Comp. Laws § 750.316(1)(b), first-degree premeditated murder, Mich. Comp. Laws § 750.316(1)(a)[2], possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, and felon in possession of a firearm, Mich. Comp. Laws § 750.224f.  The trial court sentenced Petitioner to life imprisonment for each of the murder convictions, two years in prison for the felony firearm conviction, and one to five years in prison for the felon-in-possession conviction.

On appeal from his convictions, Petitioner argued through counsel that:  (1) he was denied a fair trial when the trial court allowed the prosecution to introduce evidence that twelve years after the offense and two years before trial, he made a vague

---

[2] Although there was only one victim, the prosecutor maintained that Petitioner was guilty of premeditating the murder and committing the murder during the commission of a felony.  As a result, the prosecutor charged Petitioner with two counts of murder under two different theories.

2

statement to a relative about committing a homicide; (2) the trial court incorrectly "cured" a *Batson* violation[3] by restoring only the last illegally excused juror; (3) the prosecution's elicitation of testimony that Petitioner had broken through the roofs of other businesses deprived him of a fair trial, and trial counsel was ineffective for failing to object to the evidence; (4) his convictions and sentences for two counts of murder involving one person violated his constitutional protection against double jeopardy; and (5) the evidence at trial was insufficient to prove beyond a reasonable doubt that he was the person who committed the offense.  In a *pro se* supplemental brief, Petitioner argued that:  (1) the prosecution violated his right to a fair trial by refusing to disclose evidence of perjured testimony during the preliminary examination; and (2) trial counsel was ineffective for failing to reveal that the police threatened a witness (Andre Christian) to compel the witness's testimony.  The Michigan Court of Appeals affirmed Petitioner's convictions and sentences for the two firearm offenses, but remanded the case so that the trial court could correct the judgment of sentence to reflect one conviction and one sentence for first-degree murder based on two theories.  *See People v. Sutton*, No. 304035, 2012 WL 2335341 (Mich. Ct. App. July 19, 2012).

Petitioner applied for leave to appeal in the Michigan Supreme Court where he argued that:  (1) the prosecution violated his right to a fair trial by refusing to disclose discovery information, which could have been used to impeach perjured testimony during the preliminary examination; (2) trial and appellate counsel were ineffective for failing to present evidence that the police threatened Andre Christian to make him

---

[3]   *See Batson v. Kentucky*, 476 U.S. 79 (1986).

testify; and (3) there was insufficient evidence to prove that he committed the offense. The Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Sutton*, 493 Mich. 893; 822 N.W.2d 563 (2012) (table).

### B.  The Habeas Petition and Pending Motions

On November 20, 2013, Petitioner filed his habeas corpus petition.  The Court understands Petitioner's grounds for relief to be:  (1) appellate counsel was ineffective for failing to raise Petitioner's current claims on direct appeal; (2) trial counsel was ineffective for failing to call expert witnesses; (3) the prosecutor misinformed the trial court and the jury about how he learned of prosecution witness Andre Christian; and (4) trial counsel was ineffective for failing to alert the trial court that the police threatened Mr. Christian to compel his testimony.  Respondent argues in his motion to dismiss the habeas petition that Petitioner did not exhaust state remedies for his second and third claims.  Petitioner alleges in his motion to correct alleged misinformation in Respondent's motion that he did raise his claims in state court.  However, in his more recent motion for a stay filed on December 22, 2014, Petitioner has asked the Court to hold his habeas petition in abeyance so that he can resubmit the contested issues to the state court.

## II.  Analysis

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all their claims to the state courts before raising their claims in a federal habeas corpus petition.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999); *Nali v. Phillips*, 681 F.3d 837, 851 (6th Cir.), *cert. denied*, 133 S. Ct. 535

4

(2012).  Prisoners must present the factual and legal basis for each claim to the state court of appeals and to the state supreme court before raising their claims in a federal habeas corpus petition.  *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009).

The only habeas claim that Petitioner clearly raised in both the Michigan Court of Appeals and the Michigan Supreme Court is claim four, which alleges that trial counsel failed to inform the trial court that the police threatened prosecution witness Andre Christian to make him testify.  Petitioner did not raise his first claim about appellate counsel, nor his second claim about trial counsel's failure to call expert witnesses, on direct appeal, and he did not pursue any post-conviction remedies where he could have raised those claims.

The Court also finds that Petitioner did not exhaust state remedies for his third claim (prosecutorial misconduct).  In his habeas petition, Petitioner argues that the prosecutor misinformed the trial court and the jury about how he became aware of Andre Christian.  Petitioner also appears to allege that the prosecutor failed to disclose that Mr. Christian's testimony was the result of death threats by the police.

In contrast, Petitioner alleged in the Michigan Court of Appeals on direct review that the prosecutor persistently refused to disclose evidence of perjured testimony during the preliminary examination.  He argued that the prosecutor suppressed evidence favorable to the defendant, but he failed to explain what evidence the prosecutor suppressed. This led the Michigan Court of Appeals to conclude that Petitioner had abandoned the issue by failing to properly address the merits of his assertion.  *See Sutton*, 2012 WL 2335341, at *6 n.3.  In his subsequent application to the Michigan Supreme Court, Petitioner alleged that the prosecutor persistently refused

5

to disclose evidence that could have been used to impeach perjured testimony during the preliminary examination.  This is different from Petitioner's habeas claim, which alleges that the prosecutor misinformed the trial court and jury about how Andre Christian was discovered and that the prosecutor failed to disclose that Christian was threatened by the police.

Even if the third claim were deemed exhausted, Petitioner clearly failed to raise his first and second claims in state court before filing his habeas petition.  Thus, the habeas petition is a "mixed petition" of one exhausted claim (claim four) and two or three unexhausted claims.  Respondent urges the Court to dismiss the petition because a district court ordinarily must dismiss a habeas petition containing both exhausted and unexhausted claims.  *Rose v. Lundy*, 455 U.S. 509, 522 (1982).  But Petitioner has an available remedy to exhaust,[4] and a dismissal of this case while Petitioner pursues additional state remedies for his unexhausted claims could preclude consideration of a second or subsequent habeas petition due to the expiration of the one-year statute of limitations for habeas petitions.  *See* 28 U.S.C. § 2244(d).

Faced with a similar dilemma, some courts have adopted a "stay-and-abeyance" procedure in which a federal court stays an action and holds a habeas petition in abeyance while the inmate returns to state court to exhaust state remedies for previously unexhausted claims.  *Rhines v. Weber*, 544 U.S. 269, 275 (2005).  After the inmate exhausts state remedies, the district court can lift its stay and allow the inmate to

---

[4]  Petitioner could file a motion for relief from judgment under Subchapter 6.500 of the Michigan Court Rules and appeal the trial court's decision if the trial court denies his motion.

6

2:13-cv-14789-SFC-LJM   Doc # 16   Filed 01/12/15   Pg 7 of 8   Pg ID 1773

proceed in federal court. *Id.* at 275-76. A stay is available in "limited circumstances," such as when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." *Id.* at 278.

Petitioner's unexhausted claims ultimately may not warrant habeas relief, but they are not "plainly meritless." *Id.* at 277. Furthermore, Petitioner is not engaged in abusive litigation tactics, and he alleges that appellate counsel refused to raise all his claims in the appeal of right. Thus, it is not an abuse of discretion to stay this case while Petitioner pursues additional state remedies. The Court therefore grants Petitioner's motion to hold his habeas petition in abeyance (Dkt. #15), denies Respondent's motion to dismiss the petition (Dkt. #11), and denies Petitioner's motion to correct alleged misinformation in Respondent's motion (Dkt. #13).

As a condition of the Court's stay, however, Petitioner must file a motion for relief from judgment in the state trial court within **ninety (90) days** of the date of this order if he has not already done so. And, if he is unsuccessful in state court, he should file an amended habeas corpus petition and a motion to re-open this case, using the same case number that appears on this order. An amended petition and motion to re-open this case must be filed within **ninety (90) days** of exhausting state remedies. Failure to comply with the conditions of this stay could result in the dismissal of the amended petition. *Calhoun v. Bergh*, 769 F.3d 409, 411(6th Cir. 2014), *petition for cert. filed*, No. 14-7246 (U.S. Nov. 7, 2014).

7

Lastly, the Court orders the Clerk of the Court to close this case for administrative purposes.  Nothing in this order should be construed as an adjudication of the merits of Petitioner's claims.

Dated:  January 12, 2015                          S/ Sean F. Cox_____
                                                  Sean F. Cox
                                                  U. S. District Judge


I hereby certify that on January 12, 2015, the foregoing document was served on counsel of record via electronic means and upon Joseph Sutton via First Class mail at the address below:

Joseph Sutton
152743
ADRIAN CORRECTIONAL FACILITY
2727 BEECHER ROAD
ADRAIN, MI 49221

                                                  S/ J. McCoy_____
                                                  Case Manager