UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH A. SUTTON,

    Petitioner,

                                                        CASE NO. 2:13-cv-14789
v.                                            HONORABLE SEAN F. COX

THOMAS MACKIE,

    Respondent.
_____/

### ORDER DENYING PETITIONER'S APPLICATION FOR A CERTIFICATE OF APPEALABILITY (ECF No. 37)

Petitioner Joseph A. Sutton, a state prisoner in the custody of the Michigan Department of Corrections, has appealed the Court's denial of his amended habeas corpus petition. The amended habeas petition challenged Petitioner's state convictions for first-degree murder and two firearm offenses. Petitioner claimed that: (1) the prosecution suppressed evidence of police misconduct to conceal the fact that death threats were used to force a prosecution witness to testify falsely against Petitioner, and the prosecutor lied to the trial court to validate the witness's testimony; (2) defense counsel provided ineffective assistance by failing to notify the trial court that death threats were used to force the prosecution witness to testify against Petitioner; (3) trial counsel was ineffective for failing to call expert witnesses

in Petitioner's behalf; and (4) appellate counsel omitted compelling issues during the direct appeal. (ECF No. 22, PageID.1969.)

Now before this Court is Petitioner's application for a certificate of appealability. Petitioner alleges in his application that the Court's dispositive opinion was based on a misperception of the evidence and information regarding his *Brady*[1] claim and that the Court was biased and disregarded evidence and information. (ECF No. 37, PageID.2528.)

## I. Discussion

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, a prisoner must demonstrate that reasonable jurists could either disagree with the district court's resolution of his constitutional claims or conclude the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003).

The Court declined to issue a certificate of appealability in its dispositive opinion and order. The Court, therefore, will treat Petitioner's application as a motion for reconsideration. This District's Local Rules provide that

> [g]enerally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by

---

[1] *See Brady v. Maryland*, 373 U.S. 83 (1963).

2

reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Michigan Dep't of Envtl. Quality v. City of Flint*, 296 F. Supp. 3d 842, 847 (E.D. Mich. 2017).

Here, Petitioner argues that the prosecution failed to disclose information about how it discovered prosecution witness Andre Christian and about threats allegedly made to Christian to induce his testimony against Petitioner. Petitioner also argues that his trial counsel was ineffective for failure to (i) notify the trial court about the threats allegedly made to Christian and (ii) produce an expert witness to testify about prosecution witness Charmane Murphy's mental health records. Finally, Petitioner contends that appellate counsel was ineffective for not raising Petitioner's claims about Christian and Murphy on appeal. (ECF No. 37, PageID.2529-2532.) [2]

---

[2] In his supporting brief, Petitioner also argues that the prosecutor bolstered Murphy's testimony and also admitted improper "bad acts" evidence and that defense counsel's failure to object to the bolstering and "bad acts" evidence deprived him of effective assistance of counsel. *See* Brief in Support of Application for Certificate of Appealability, ECF No. 37, PageID.2544-2547. Petitioner did not raise these arguments as grounds for relief in his habeas petition, and his application for a certificate of appealability is not the proper place to raise new claims.

To the extent that Petitioner is raising new grounds for habeas corpus relief, his new claims are the equivalent of a second or successive habeas petition. The

3

The Court addressed Petitioner's claims about his trial and appellate attorneys and the prosecutor's conduct in its dispositive opinion.  The Court rejected Petitioner's *Brady* claim because the record did not support Petitioner's claim that the prosecutor suppressed evidence or lied to the trial court. The Court also thoroughly analyzed Petitioner's claim about trial counsel and found no merit in the claims.

Finally, the Court rejected Petitioner's claim about appellate counsel because the underlying claims lacked merit or because the Petitioner was not prejudiced by appellate counsel's failure to raise the claims.  The Court also pointed out that the state court's conclusion -- that appellate counsel was not ineffective – was objectively reasonable.

## II.  Conclusion and Order

Petitioner has not shown that the Court made a palpable error when it rejected his habeas claims or that correcting the alleged defects would result in a different disposition of his case.  Accordingly, the Court declines to reconsider its dispositive

---

Court has no jurisdiction to consider Petitioner's new claims unless he first obtains permission from the Sixth Circuit Court of Appeals for authorization to file a second or successive petition.  28 U.S.C. § 2244(b)(3)(A); *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3) and *Burton v. Stewart*, 549 U.S. 147, 149 (2007)).

opinion and its decision not to issue a certificate of appealability.  Petitioner's application for a certificate of appealability is denied.

    IT IS SO ORDERED.

Dated:  August 5, 2021                         <u>s/Sean F. Cox</u>
                                                    Sean F. Cox
                                                    U. S. District Judge